1  Ronald L. Johnston (SBN 057418)
   Ronald.johnston@aporter.com
2  Angel L. Tang (SBN 205396)
   Angel.tang@aporter.com
3  ARNOLD & PORTER LLP
   777 South Figuerora Street, 44th Floor
4  Los Angeles, California 90017-5844
   Tel: 213.243.4000
5  Fax: 213.243.4199

6  James L. Cooper (pro hac vice to be submitted)
   James.cooper@aporter.com
7  ARNOLD & PORTER LLP
   555 Twelfth Street, N.W.
8  Washington, D.C. 20004-1206
   Tel: 202.942.5000
9  Fax: 202.942.5999

10 *Attorneys for Defendant* M-QUBE, INC.

11 David C. Parisi (SBN 162248)
   dcparisi@parisihavens.com
12 Suzanne Havens Beckman (SBN 188814)
   shavens@parisihavens.com
13 PARISI & HAVENS, LLP
   15233 Valleyheart Drive
14 Sherman Oaks, California 91403
   Tel:  818.990.1229
15 Fax:  818.501.7852

16 *Attorneys for Plaintiff* RUDOLF ZIJDEL
   and the putative class
17

18
                    **UNITED STATES DISTRICT COURT**
19
                   **NORTHERN DISTRICT OF CALIFORNIA**
20
                          **SAN JOSE DIVISION**
21

22 RUDOLF ZIJDEL, individually and on behalf          Case No. 1-09-CV-03252 (JW)
   of a class of similarly situated individuals,
23
                                                      **STIPULATION TO FURTHER EXTEND
        Plaintiff,                                    STAY OF LITIGATION AS TO
24                                                    DEFENDANT M-QUBE, INC.**
   v.
25
   THUMBPLAY, INC., a Delaware corporation;
26 M-QUBE, INC., a Delaware corporation,

27      Defendants.

28

IT IS SO ORDERED
*James Ware*
Judge James Ware

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

3/9/2010

1         Plaintiff RUDOLF ZIJDEL ("Plaintiff" or "Zijdel") and Defendant M-QUBE, INC.

2  ("Defendant" or "m-Qube") (Zijdel and m-Qube are collectively the "Parties"), hereby stipulate and

3  respectfully request that the Court further extend the stay currently in effect in this matter as to

4  Defendant m-Qube from March 1, 2010 to April 15, 2010, so that a nationwide class action

5  settlement agreement may become final upon the lapse of the applicable appeals period.  In support

6  of this Stipulation, the Parties state as follows:

7         **WHEREAS**, on June 10, 2009, Plaintiff filed a putative class action complaint against

8  Defendants in the Superior Court of the State of California, Santa Clara County, seeking damages

9  and injunctive relief related to Defendants' alleged imposition of unauthorized mobile content

10  charges on the cell phone bills of certain T-Mobile subscribers;

11         **WHEREAS**, on July 16, 2009, Thumbplay removed the case to this Court pursuant to the

12  Class Action Fairness Act of 2005 Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28

13  U.S.C.) ("CAFA");

14         **WHEREAS**, Plaintiff and Defendant m-Qube have entered into a nationwide class action

15  settlement resolving all claims against m-Qube related to the alleged imposition of unauthorized

16  mobile content charges on the cell phone bills of wireless subscribers.  As we have previously

17  informed the Court, on November 3, 2009, Judge Stewart L. Palmer of the Circuit Court of Cook

18  County, Illinois, granted preliminary approval to the class action settlement in the case entitled

19  *Edward Parone, et al. v. m-Qube, Inc., et al.*, No. 08 CH 15834 (Circuit Court of Cook County,

20  Illinois).  On February 24, 2010, Judge Palmer held a final fairness hearing and granted approval of

21  the Class Action Settlement  (*See* Final Order and Judgment, entered on February 24, 2010, a true

22  and accurate copy of which is attached hereto as Exhibit A.)

23         **WHEREAS**, due to the final approval of the Class Action Settlement in the *Parone* action

24  referenced above, all claims in this action asserted against m-Qube will be released and m-Qube

25  will be dismissed from this action with prejudice.

26         **WHEREAS**, the Parties seek a further stay of this litigation as to defendant m-Qube to

27  April 15, 2010, so that the Class Action Settlement may becomes final upon the lapse of the

28  applicable appeals period.

1      **NOW, THEREFORE,** the Parties hereby stipulate and agree that, with the Court's

2   approval:

3      This litigation, including any responsive pleadings, discovery and all pending motions, shall

4   be further stayed as to Defendant m-Qube, Inc. until April 15, 2010.

6   Dated:  March 1, 2010                    ARNOLD & PORTER LLP

7

8                                           By:  /s/ Angel L. Tang

9                                                Angel L. Tang
                                                 Attorney for Defendant m-Qube, Inc.
10

11  Dated: March 1, 2010                     PARISI & HAVENS, LLC

12

13                                          By:  /s/ Suzanne Havens Beckman

14                                               Suzanne Havens Beckman
                                                 David C. Parisi
15                                               Attorney for Plaintiff Rudolf Zijdel

16

17  **IT IS SO ORDERED.**

18

19   Dated: March 9, 2010

    HONORABLE JAMES WARE
20  UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

- 3 -

# EXHIBIT A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

EDWARD PARONE and MELISSA SODARO )
individually and on behalf of similarly situated, )
individuals, )
                              )
            *Plaintiffs,*    )     No. 08 CH 15834
                              )
             v.           )
                              )
M-QUBE, INC., a Delaware corporation )     Hon. Stuart E. Palmer
NEXTEL PARTNERS OPERATING, )
CORPORATION, a Delaware corporation SPRINT )
SPECTRUM LP, a Delaware limited partnership )
NEXTEL WEST CORPORATION, a )
Delaware corporation, )
                              )
            *Defendants.*   )

[STAMP: ENTERED JUDGE STUART PALMER-1621 FEB 24 2010 DOROTHY BROWN CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL DEPUTY CLERK]

**FINAL ORDER AND JUDGMENT**

This matter coming to be heard on Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Attorneys' Fees and Incentive Awards, due and adequate notice having been given to the Settlement Class[1] as required by this Court's November 3, 2009 Order, and the Court have considered the briefing, all validly filed and pending objections, and the proceeding before it, and otherwise being fully advised in the premises, IT IS HEREBY ORDERED, ADJUGED, AND DECREED as follows:

1.      This Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all members of the Settlement Class and Defendant m-Qube, Inc.

2.      On November 3, 2009, this Court preliminarily approved the Agreement and certified the Settlement Class consisting of:

> All current and former Wireless Subscribers in the United States and its territories who, any time from the date m-Qube started doing business until November

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed in the Stipulation of Class Action Settlement filed on October 28, 2009.

13,2009 were billed for Mobile Content associated with m-Qube that was not authorized.

The following Persons were excluded from the definition of the Settlement Class:

> The Defendant, Wireless Carriers, the Claims Administrator, and any respective parent, subsidiary, affiliate or control person of the Defendant, as well as the officers, directors, agents, servants, or employees of the Defendant, any judge presiding over this case or over any of the actions which compromise the Action and/or Related Actions, and the immediate family members of any such Person(s).

3.      The Court hereby confirms and grants final certification to the Settlement Class as defined above and finds that the requirements of Section 2-801 of the Illinois Code of Civil Procedure for maintenance of this action as a class action have been satisfied in all respects.

4.      The Settlement Class Notice was disseminated to the Settlement Class under the terms of the Agreement via electronic mail to over 145,000 persons as contained in Defendant's records, by website publication, by press release, targeted internet advertising, and through newspaper and magazine publication throughout the United States.

5.      On December 15, 2009, the Court-approved Settlement Class Notice was published in the *Chicago Sun Times*, the *Miami Herald*, the *New York Daily News*, the *Los Angeles Times*, the *Philadelphia Inquirer*, the *Dallas Morning News*, the *Houston Chronicle*, the *Fort Worth Star Telegram*, the *Washington Post*, the *Atlanta Journal-Constitution*, the *Boston Globe*, and *USA TODAY*, and also appeared in the December 24, 2009 edition of *Rolling Stone Magazine*.

6.      In accordance with the Court's Preliminary Approval Order of November 3, 2009, the Court-approved Settlement Class Notice was posted on the settlement website at www.mQubeSettlement.com. The website was launched on November 13, 2009 and will remain active beyond the Claims Deadline.

2

7.     The Settlement Class Notice fully informed Settlement Class members of the pendency of this Action, the terms of the Agreement, their rights with respect to the Agreement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses and incentive awards or to exclude themselves from the Settlement Class.

8.     The forms of Settlement Class Notice collectively met the statutory requirements of notice under the circumstances, including the individual notice to all members of the Settlement Class as contained in Defendant m-Qube's records and who could be indentified through reasonable effort due to the nature of the Action, and fully satisfied 735 ILCS 5/2-803 and the requirements of Due Process.

9.     The Action and each Settled Claim contained therein, are DISMISSED WITH PREJUDICE as to each Releasing Party, and as against each Released Party. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

10.     The Court finds that the Agreement is fair, just, reasonable, and adequate as to each member of the Class. *See Steinberg v. System Software Associates, Inc.*, 306 Ill.App.3d 157, 713 N.E.2d 709 (1st Dist. 1999). Specifically, the complex legal and factual posture of this case, the discovery conducted, and the fact that the settlement was the result of arms-length negotiations supervised by a respected neutral, support this finding. The Court notes that one objection to the settlement was filed and then voluntarily withdrawn, that no other objections were filed and no objections are pending and that no person has sought to be excluded from the Agreement. Accordingly, the Agreement is hereby finally approved in all respects, and the parties are hereby directed to perform its terms.

11.     The Plaintiffs in the Action and the Related Actions, on behalf of themselves and

the Settlement Class, are deemed to have, and by operation of the Judgment shall have,

absolutely and unconditionally released each Released Party from each and every Settled Claim.

12.     All members of the Settlement Class are hereby forever barred and enjoined from

prosecuting each and every Settled Claim against each Released Party.

13.     m-Qube is deemed to have, and by operation of the Judgment have, absolutely

and unconditionally released and forever discharged the Plaintiffs, the Settlement Class and

Class Counsel from any and all claims relating to, or in connection with the institution or

prosecution of the Action or the settlement of any Settled Claim.

14.     Class Counsel is hereby awarded attorneys fees and reimbursement expenses in

the amount of $ _2,400,000.00_ , which the Court finds to be fair and reasonable.

The attorneys' fees and expenses so awarded shall be paid by the Defendant pursuant to the

terms of the Agreement.  All fees paid to Class Counsel shall be paid pursuant to the timing

requirements described in the Agreement.

15.     The Class Representatives and those named Plaintiffs in Related Actions listed on

Addendum A hereto are to share in an incentive award of $ _20,000.00_ as

appropriate compensation for their time and efforts serving the interests of the Settlement Class.

The incentive award shall be paid by m-Qube pursuant to the timing requirements described in

the Agreement.

16.     Pursuant to the Agreement and the Court's Order of February 10, 2010, all

payments made to the Settlement Class from the Claims Administrator that are not cashed within

ninety (90) days of issuance shall be divided evenly and one half of the total directed to to each

of Cabrini Green Legal Aid and Chicago Volunteer Legal Services, as appropriate *cy pres*

recipients pursuant to 735 ILCS 5/2-807.  Class Counsel shall match all funds directed to each

4

organization as a result of the Agreement.

17.    In making the award of attorneys' fees and the incentive awards to the Plaintiffs

in the instant Action and the Related Actions the Court has considered and found that:

(a)    The Agreement achieved as a result of the efforts of Class Counsel has resulted in substantial monetary relief for the benefit of the Settlement Class and service improvements designed to benefit Settlement Class members and others moving forward;

(b)    Class Counsel have conducted the litigation and achieved the Agreement with skill, perseverance and diligent advocacy;

(c)    The Action and Related Actions involve complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the issues;

(d)    Had Class Counsel not achieved the Agreement, there would remain a significant risk that the Plaintiffs and the Settlement Class may have recovered less from the Defendant;

(e)    The amount of attorneys' fees awarded are consistent with awards in similar cases; and

(f)    The Class Representatives and named plaintiffs in the Related Actions rendered valuable service to the Settlement Class.  Without their participation, there would have been no case or settlement.

18.    Without affecting the finality of this Judgment in any way, this Court hereby

retains continuing jurisdiction over the Action for the purpose of construing, enforcing and

administering the Agreement and its terms.

ENTERED:

ENTERED
JUDGE STUART PALMER-1621
FEB 2 4 2010
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

_____
Judge Stuart E. Palmer

5